PER CURIAM.
The Florida Bar has petitioned for the amendment of two Rules of Juvenile Procedure, Rules 8.170 and 8.300. Our opinion of July 1, 1982 in this proceeding is hereby withdrawn. Our decisions rejecting proposed Rule 8.170 and adopting a modified new Rule 8.300 are hereby nullified.
Having fully considered the matter, the Court hereby adopts the following amendments. Additions are indicated by underscoring. Deletions are indicated by struck-through type.
Rule 8.170 is amended as follows:
Rule 8.170 Procedure When Child Believed to be Insane Incompetent
(a) At Time of Adjudicatory Hearing in Delinquency Cases.
(1) If at any time prior to or during the adjudicatory hearing, the court has reasonable grounds to believe the child named in the petition may be incompetent to proceed with an adjudicatory hearing, the court shall immediately stay the proceedings and fix a time for a hearing for the determination of the child’s mental condition.
(2) If at the hearing provided for in (1) above the child is found to be competent to proceed with an adjudicatory hearing the court shall proceed therewith.
*1005 (3)If at the hearing provided for in (1) above the child is found to be incompetent to proceed with the adjudicatory hearing, proceedings shall be commenced for the involuntary hospitalization of the child as provided by law.
(i) If the child is not hospitalized because of the fact that the child does not meet the criteria for involuntary hospitalization according to law, the court mav order anv non-delinquent treatment for the child in order to restore the child’s competence to proceed with an adjudicatory hearing.
(4)(ii) If the child is not hospitalized, or upon his release from the hospital, any interested party or the court on its own motion may call the matter up for the purpose of setting an adjudicatory hearing.
(5)(4) If after any civil proceeding for involuntary hospitalization, the court determines, after hearing, that there is no reasonable probability that the child will become competent for the purpose of an adjudicatory hearing in the foreseeable future and that no progress is being made toward that goal, it shall enter an order dismissing the petition.
Rule 8.300 is amended as follows. The present rule is deleted and the deletion is indicated by the use of struck-through type. The new rule is indicated by underscoring.
Rule 8.300 Guardian Ad Litem
The-court may appoint a guardian ad litem, who may be directed — to appear without service of process and-who shall not be requk-ed-to post bond. — He shall file an acceptance of the office-
la! At anv stage of the proceedings, the court mav appoint a guardian ad litem to represent anv child alleged to be delinquent or dependent.
(b) The court shall appoint a guardian ad litem to represent the child in anv child abuse or neglect proceedings.
(cl The guardian ad litem shall be an attorney or other responsible adult and shall have the following responsibilities:
(11 To investigate the allegations of the petition and, unless excused bv the court, to file a written report. This report shall include a statement of the wishes of the child and the recommendations of the guardian ad litem, and shall be filed at least 48 hours prior to the dispositional hearing.
(21 To be present at all court hearings unless excused bv the court.
(31 To represent the interests of the child until the jurisdiction of the court over the child terminates, or until excused bv the court.
(41 To perform such other duties and undertake such other responsibilities as the court mav direct.
(dl A guardian ad litem shall not be required to post bond but shall file an acceptance of the office.
(el A guardian ad litem shall be entitled to receive service of pleadings and papers as provided bv Rule 8.130(cl.
(fl The duties of lav guardians shall not include the practice of law.
The foregoing amendments of Rule 8.170 and Rule 8.300 shall take effect at 12:01 a.m. on September 1, 1982.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON and EHRLICH, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
McDONALD, J., dissents.